

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

December 10, 1964

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas

Opinion No. C- 360

Re: Whether certain
property owned by
the Lutheran Student
Foundation of Houston
is exempt from ad
valorem taxes under
stated facts.

Dear Mr. Resweber:

You have submitted a Memorandum Brief on the above captioned question. We quote the following excerpt therefrom:

"The facts as presented by the said foundation /Lutheran Student Foundation of Houston/ are as follows:

'At present, the Pastor serving the University of Houston, Rice University and Texas Southern University is the Reverend Milton E. Mayer. He resides for the present at 5774 Heron Drive and he is acquiring this property in his own interest.

'Under obligation to the Division of College and University work of the National Lutheran Council, the Foundation however, is required to provide a dwelling place or parsonage for the ordained minister called to this service. The trustees of the foundation have now elected to provide the dwelling place for Pastor Mayer. He will then dispose of his property according to his wishes. The trustees have entered into a contract of purchase for property at 3910 Julius Lane.

'No single chapel, church or meeting house in the area is exclusively dedicated to his practice, but he has access to any of the churches, chapels

-1709-

> or meeting places of the confessions
> subscribing to the Lutheran organi-
> zation's program.  The parsonage will
> be used at times by the minister in
> the administration of the sacraments,
> spiritual counseling and guidance,
> ceremonies consistent with Lutheran
> worship and for Christian fellowship
> meetings.  Even though there is no
> direct association of this ministry
> to any one congregation, we believe
> this property should be considered
> tax exempt as any other of the
> parsonages in the community.'"

You have also furnished us with a copy of the Charter
of the Lutheran Student Foundation of Houston, hereinafter
referred to as the Foundation.  We quote the following
excerpt from the Charter:

> ". . .The purpose of this Corpo-
> ration shall be, without pecuniary
> gain or profit to its members, and in
> all ways which are lawful, to maintain,
> develop and promote the ministry of the
> Lutheran Church to students and faculty
> in the institutions of higher learning
> in Harris County, Texas, in accordance
> with the policies of the Division of
> Student Service of the National Lutheran
> Council. . . ."

Section 2 of Article VIII of the Constitution of the
State of Texas authorized the Legislature to exempt from
taxation ". . .actual places or /of/ religious worship,
also any property owned by a church or by a strictly
religious society for the exclusive use as a dwelling
place for the ministry of such church or religious society,
and which yields no revenue whatever to such church  or
religious society; provided that such exemption shall not
extend to more property than is reasonably necessary for a
dwelling place and in no event more than one acre of land;
. . ."  Pursuant to this authorization the Legislature has
enacted Article 7150, Title 122, Vernon's Civil Statutes.
The pertinent portion of Article 7150 reads as follows:

> "The following property shall be
> exempt from taxation, to-wit:

> ". . .Public school houses and
> actual places of religious worship,
> also any property owned by a church
> or by a strictly religious society,
> for the exclusive use as a dwelling
> place for the ministers of such
> church or religious society, the
> books and furniture therein and the
> grounds attached to such buildings
> necessary for the proper occupancy,
> use and enjoyment of the same, and
> which yields no revenue whatever to
> such church or religious society;
> provided that such exemption as to
> the dwelling place for the ministers
> shall not extend to more property
> than is reasonably necessary for a
> dwelling place and in no event more
> than one acre of land. . . ."

We think that the charter purpose of the Foundation, quoted supra at page 2 of this opinion, states in plain and unambiguous language a purpose which necessarily constitutes the Foundation a "strictly religious society" within the meaning of Section 2 of Article VIII of the Constitution and Article 7150.

In the Memorandum Brief, it is submitted that exemption cannot be accorded because the dwelling will not be used exclusively as a dwelling place for the ministry of a church or religious society. We think that the requirement of exclusive use is met. The fact that the parsonage may be used at times by the minister in the administration of sacraments, a practice which may not be followed by all creeds, is not inconsistent with the use by the minister of the parsonage as his dwelling place. Certainly it may be presumed that in many, if not all, faiths spiritual counseling and guidance, ceremonies consistent with the particular faith involved and the pursuit of fellowship in such faiths through meetings of its members occur in the dwelling places for the ministry.

In Attorney General's Opinion No. S-197 (May 14, 1956), this office held that the separate residence of an assistant rector of a church was exempt from ad valorem taxes even though the residence of the rector was also exempt so long as both residences did not occupy more than one acre of land, the limitation imposed by both the Constitution and statute. In that opinion two dwelling places were exempt and two rectors

ministered to one church. In the instant case, we have the converse of this situation in that the pastor has access in the area to any of the Lutheran churches, chapels, or meeting places of the confessions subscribing to the Lutheran organization's program. We think that the Constitutional provision is broad enough to authorize the exemption of the dwelling place for the ministry even though the ministrations may be performed in more than one place provided the dwelling place occupies not more than one acre of land and that the statute is equally comprehensive.

### S U M M A R Y

The Lutheran Student Foundation of Houston, a non-profit corporation organized for the purpose of maintaining, developing and promoting the ministry of the Lutheran Church to students and faculty for higher learning in Harris County, Texas, is a "strictly religious society" within the meaning of Section 2 of Article VIII of the Texas Constitution and Article 7150, Title 122, Vernon's Civil Statutes. The dwelling place purchased by the Foundation for an ordained Lutheran minister is exempt from ad valorem taxes even though no single chapel, church or meeting house is exclusively served by his ministry.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By Marietta McGregor Payne
Marietta McGregor Payne
Assistant

MMcGP:dl

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Brandon Bickett
Paul Phy
Harry Gee

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone